IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK S. DeJOHN, | § | |
| | § | No. 605, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0107018127 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 28, 2017
Decided: May 10, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 10th day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's motion for leave to respond to the motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     In 2001, the appellant, Frederick S. DeJohn, was charged with twenty counts of child pornography.  On June 24, 2002, DeJohn pled guilty to two counts of unlawfully dealing in child pornography.

(2)     Under Delaware's sex offender registration statute, a person convicted of certain sexual offenses, including unlawfully dealing in child pornography, is subject to court-ordered registration as a sexual offender upon the person's release

from a Level V or Level IV facility.[1]  There are three risk assessment tiers, each of which has a particular set of registration requirements.[2]  In this case, as part of the parties' plea agreement, DeJohn agreed to be designated as a Tier III sex offender.[3]  In exchange for DeJohn's guilty plea, the State agreed to dismiss the other counts in the indictment.

(3)     For his convictions on two counts of unlawfully dealing in child pornography, DeJohn was sentenced, on September 18, 2002, to a total of 15 years of Level V incarceration suspended after 6 years (later modified to 4½ years) for 1 year at Level IV supervision and two consecutive 4-year terms of probation.  Consistent with the parties' plea agreement, the sentence order required that DeJohn register as a Tier III sex offender.

(4)     The record reflects that DeJohn was found guilty of violating probation in 2010 and 2011.  On the second violation of probation, DeJohn was resentenced, on July 18, 2013, to a total of 7½ years of unsuspended Level V incarceration followed by 1 year of probation.

(5)     On June 2, 2016, DeJohn filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).  DeJohn claimed that his designation as a Tier

---

[1] *See* 11 *Del. C.* § 4120 (Supp. 2017) (governing registration of sex offenders).
[2] *See* 11 *Del. C.* § 4121(d), (e) (describing risk assessment tiers).
[3] *Id.* at (e)(1)a (providing that a person designated to Risk Assessment Tier III shall comply with the registration provisions for life).

III sex offender was illegal because, under the sex offender registration statute, unlawfully dealing in child pornography is listed as a Tier II offense.

(6) On August 24, 2016, DeJohn submitted a "supplement" to his motion for correction of sentence. In the supplement, DeJohn asked the Superior Court to award him good time credits and to issue an amended sentence order stating that the sentence was due to expire in September 2017. After soliciting the State's response to DeJohn's submissions, the Superior Court denied the motion as supplemented. This appeal followed.

(7) On appeal, DeJohn has filed a motion to respond to the State's motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless a response is requested by the Court.[4] The Court has not requested a response in this case. The motion to respond will be denied.

(8) In his opening brief on appeal, DeJohn continues to challenge his designation as a Tier III sex offender, and he contends that he finished serving the sentence in September 2017. To the extent DeJohn raised other claims in his motion for correction of sentence and supplement, he has waived any right to review of those claims on appeal by failing to argue them in his opening brief.[5]

---

[4] Del. Supr. Ct. R. 25(a) ("There shall be no briefing, argument or response to the motion unless requested by the Court.").
[5] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

(9)    DeJohn's challenge to his sex offender designation is unavailing. DeJohn's agreed-upon Tier III designation was made a part of his knowing and voluntary guilty plea.  As such the designation is binding upon him and he has waived any right to argue against it.[6]

(10)    DeJohn's contention that he finished serving the sentence in September 2017 is not supported by the record.  As previously noted, the record reflects that DeJohn was resentenced, on July 18, 2013, to 7½ years of unsuspended Level V incarceration followed by one year of probation.

NOW, THEREFORE, IT IS ORDERED that the motion to respond to the motion to affirm is DENIED.  The motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] *See Crouch v. State*, 2012 WL 2389325 (Del. June 25, 2012) (citing *Downer v. State*, 543 A.2d 309 (Del. 1988)).